USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/18/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STARBUCKS CORPORATION,

                    Plaintiff,

- against -

NEW WTC RETAIL OWNER LLC,

                    Defendant.

CIVIL ACTION NO.
21-CV-0400 (VM)

ECF Case

## STIPULATED PROTECTIVE ORDER GOVERNING
## THE CONFIDENTIALITY OF DISCOVERY MATERIALS

WHEREAS, the parties to this Stipulated Protective Order ("Order"), Plaintiff Starbucks Corporation and Defendant New WTC Retail Owner LLC (collectively, the "Parties" and each a "Party"), by and through their undersigned counsel, have stipulated that certain discovery material should be treated as confidential (subject to challenge as provided herein), and have agreed to the terms of this Order; accordingly, the following is ORDERED:

    **1.**    **Scope**

All documents or electronically-stored information produced in the course of discovery, all responses to discovery requests, and all deposition testimony and deposition exhibits and any other materials which may be the subject of discovery (hereinafter collectively "Material") shall be subject to this Order concerning confidential information as set forth below.

    **2.**    **Form and Timing of Designation**

Confidential Material shall be so designated by placing or affixing the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" (collectively referred to herein

as "Confidential" or "Confidential Material" unless otherwise specified) on the Material in a manner which will not interfere with the legibility of the Material. Confidential Material produced in accordance with any agreement the parties may enter into with respect to the production of documents and electronically stored information, or otherwise produced by load files, shall be identified as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" in the load file produced accompanying those documents. Any other conveyance of Confidential Material shall be accompanied by a statement that the information is Confidential.

Material shall be designated Confidential prior to, or contemporaneously with, the production or disclosure of the documents or conveyance of the information. Unintentional production of Material without prior designation as Confidential shall not be deemed a waiver, in whole or in part, of the right to designate Material as Confidential as otherwise allowed by this Order.

### 3. Material Which May Be Designated Confidential

Any Party or nonparty may designate as "CONFIDENTIAL" Material that contains (1) information protected from disclosure by statute, (2) sensitive personal information (of any Party or nonparty), (3) trade secrets (of any Party or nonparty), (4) confidential research, development, or commercial information (of any Party or nonparty), (5) information identified as confidential in any agreement to which a Party or nonparty is a signatory, or (6) information which the Party is concerned may contain information identified in items 1-5 above and there is an expedited need to produce the documents, which shall be evaluated as promptly as possible after the initial production for their confidentiality. Information or documents that are readily available in the public sector without undue effort may not be designated as Confidential.

Any Party or nonparty may designate as "CONFIDENTIAL-ATTORNEYS EYES ONLY" Material that embodies trade secrets or other confidential commercial information entitled to such limited protection from disclosure.

4. **Protection of Confidential Material**

 a. <u>General Protections</u>

Material designated Confidential under this Order by one Party shall not be used or disclosed by any other Party for any purposes whatsoever other than preparing for and conducting the litigation in which the Material were disclosed (including any appeal of that litigation).

 b. <u>Limited Third-Party Disclosures of Material Designated "CONFIDENTIAL"</u>

The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Material designated "CONFIDENTIAL" under the terms of this Order to any other person or entity except as set forth in subparagraphs (1) - (9) below. Disclosure to those persons or entities identified in subparagraphs (4) and (9) below may be made only after the person to whom disclosure is to be made has executed an acknowledgement (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it. The Parties and counsel for the Parties are expressly subject to this Order and are therefore excluded from the requirement of signing Attachment A before reviewing Material designated as Confidential. Subject to these requirements, the following categories of persons may be allowed to review Material which has been designated Confidential pursuant to this Order:

  (1) Counsel and employees of counsel for the Parties who have responsibility for the preparation and trial of the lawsuit;

  (2) Parties, employees, and former employees of a Party to this Order but only to the extent that the specifically named individual Party, employee, or former employee's assistance is necessary to the conduct of the litigation in which the Material are disclosed;

  (3) Court reporters engaged for depositions and those persons or entities, if

     any, specifically engaged to provide litigation support services (e.g., photocopying; printing enlargements, compilations, or demonstratives of Material; e-discovery; and jury consultation), and their employees;

  (4) Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation of trial of the lawsuit;

  (5) eDiscovery consultants employed by the Parties or counsel for the Parties to assist in the production of documents and electronically-stored information during in the course of discovery;

  (6) Witnesses or deponents, and their counsel, during the course of, or to the extent necessary to prepare for, depositions or testimony ;

  (7) The Court and its personnel at any hearing or trial of the litigation;

  (8) The mediator selected by the parties as a neutral for this matter; and

  (9) Other persons only upon written consent of the producing Party or non-party and on such conditions as are agreed to or ordered by the Court,

c. <u>Limited Disclosure of Material Designated "CONFIDENTIAL-ATTORNEYS EYES ONLY</u>

Documents designated CONFIDENTIAL–ATTORNEYS EYES ONLY may be disclosed or made available by the party receiving such information only to those identified in subparagraph 4(b)(1).

d. <u>Control of Material</u>

Counsel for the Parties shall take all reasonable efforts to prevent unauthorized disclosure of Material designated as Confidential pursuant to the terms of this Order. Counsel shall maintain

the originals-or legible electronic copies of the originals-of the forms signed by those persons acknowledging their obligations under this Order.

    e.    <u>Copies</u>

All copies duplicates, and extracts (hereinafter referred to collectively as "copies") of Material designated as "CONFIDENTIAL" under this Order or any portion of such Material, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy and all such copies, and all summaries and descriptions of Material designated as such shall be afforded the full protection of this Order. Documents designated "CONFIDENTIAL–ATTORNEYS EYES ONLY" may not be copied or reproduced in any form.

**5.**    **Filing of Confidential Materials**

In the event a Party seeks to file any Material that is subject to protection under this Order with this Court, that Party, in accordance with the requirements of Local Civil Rules, shall take appropriate action to ensure that the Material receives proper protection from public disclosure, including: (1) appropriately redacting any Material designated as Confidential before filing it publicly; (2) where appropriate (e.g., in relation to discovery, evidentiary motions, or otherwise), submitting the unredacted documents solely for *in camera* review; or (3) where the preceding measures are not adequate, the procedures set forth in Local Civil Rules for filing an entire document under seal may be followed. In accordance with Local Civil Rules, and absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the Material to the Court shall first consult with counsel for the Party or nonparty who designated the Document/Information as Confidential to determine if some measure less restrictive than filing a document under seal may serve to provide adequate protection to the Confidential Material. Nothing in this Order shall be construed as a prior directive to the Clerk of this Court to allow any Material to be filed under seal.

The Parties understand and agree that Material may be filed under seal only with the permission of the Court after proper motion in compliance with the procedures set forth in Local Civil Rules. The Parties further understand and agree that Material designated as Confidential under this Order does not, on that basis alone, necessarily qualify to be redacted or sealed under the applicable substantive law, Local Civil Rules, or Federal Rules of Civil Procedure.

6. **Form and Timing of Designation**

Portions of depositions shall be treated as Confidential if designated as such when the deposition is taken or within fifteen (15) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

7. **Challenges to Designation as Confidential or Attorneys' Eyes Only**

Any Confidential designation is subject to challenge. The following procedures shall apply to any such challenge.

    a.   <u>Burden of Proof</u>

The burden of proving the necessity of a Confidential designation remains with the Party or nonparty asserting confidentiality.

    b.   <u>Written Notice of Challenge</u>

A Party who contends that Material designated Confidential is not entitled to confidential treatment shall give written notice to the Party who affixed the designation of the specific basis for the challenge. The Parties and any producing nonparty shall then have five (5) days from receipt of the written notice to determine if the dispute can be resolved without judicial intervention. If not, the Party challenging the designation may move for a Court order overturning or limiting the Confidential designation.

    c.   <u>Treatment of Information Pending Challenge Determination</u>

Notwithstanding any challenge to the designation of Material as Confidential, all Material

previously designated Confidential shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

    (1)    the Party or nonparty who claims that the Material is confidential withdraws such designation in writing; or

    (2)    the Court rules that the Material should no longer be designated as Confidential.

    d.  <u>No Waiver of Right to Challenge</u>

Challenges to the designation of Material as Confidential may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**8.    Inadvertent Failure to Designate**

In the event any Party discovers it has inadvertently produced Confidential Material that has not been so designated, it may designate the documents or information as Confidential by subsequent notice in writing specifically identifying the documents or information and furnishing the correct designation, in which event the Parties shall henceforth treat such information as provided in this Order.

**9.    Inadvertent Production of Privileged Material**

This Order is intended to effectuate the protections set forth in Rule 502(b) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a producing Party discloses Material in connection with the pending litigation that the producing Party thereafter claims to be protected by the attorney-client privilege and/or work-product doctrine ("Protected Information," with the Party making the disclosure referred to as the "Disclosing Party"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture-in this or any other action-of any claim of privilege or work-product protection that the Disclosing Party would otherwise be

entitled to assert with respect to the Protected Information and its subject matter.

      a.      The Disclosing Party shall, within a reasonable period of time after learning of the disclosure of Protected Information, notify the Party in receipt of the Protected Information (the "Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. To the extent the Receiving Party has reasonable cause to believe it has received Protected Information, it shall notify the Disclosing Party in writing within a reasonable period of time, consistent with subsection (d) below. Upon such notification, the Receiving Party shall promptly (i) notify the Disclosing Party that it will identify and return, sequester or destroy (or in the case of electronically stored information, permanently delete) the Protected Information and any reasonably accessible copies it has; and (ii) confirm in writing that it will cease further review, dissemination, or use of the Protected Information. Within five (5) business days of the notification that such Protected Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Protected Information that explains as specifically as possible why the Protected Information is privileged. For purposes of this Order, Protected Information that has been stored on media that is not reasonably accessible, such as backup storage media, is considered sequestered. If such data is retrieved, the Receiving Party must promptly take steps to permanently delete or sequester the restored Protected Information.

      b.      If the Receiving Party contests the claim of attorney-client privilege or work-product protection and good-faith efforts to meet and confer do not resolve such dispute, the Receiving Party shall apply to the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Receiving Party shall also apply to the Court for an Order permitting the Disclosure Motion to be filed under seal and/or for in camera review (as appropriate) and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use

the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion. The Disclosing Party retains the burden of establishing the privileged or protected nature of any Protected Information and nothing in this Order shall limit the right of any party to request an *in camera* review of the Protected Information.

      c.      Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged or protected and to inform the Disclosing Party that such materials have been produced.

      d.      The foregoing reflects the Parties' agreement to avoid a strict waiver of privilege by reason of inadvertent disclosure, but it does not excuse the Parties from undertaking reasonable steps to prevent any such disclosure, as required by Federal Rule of Evidence 502(b), or other applicable law.

**10.    Treatment on Conclusion of Litigation**

      a.      <u>Order Remains in Effect</u>

All provisions of this Order restricting the use of Material designated Confidential or Confidential-Attorneys Eyes Only shall continue to be binding after the conclusion of the litigation unless otherwise agreed.

      b.      <u>Return or Destruction of Documents</u>

Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as Confidential or Confidential-Attorneys Eyes Only under this Order, including copies as defined above (Paragraph 4(d)) shall, upon written request of the producing Party, be returned to the producing Party or nonparty or shall be destroyed and a document certifying their destruction provided to the producing Party or nonparty unless: (1) the document has been used as a deposition exhibit, entered as evidence, or filed (unless introduced or filed under seal); or (2) as to documents containing the notations, summations,

or other mental impressions of the receiving Party, the Party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to Material designated Confidential so long as that work product does not duplicate verbatim substantial portions of the text of the Material. This work product continues to be protected under the terms of this Order and applicable law.

11. **Purpose and Intent of Order**

This Order is entered solely for the purpose of facilitating the exchange of Material between the Parties without involving the Court unnecessarily in the process. The restrictions set forth in this Order shall not (a) prejudice in any way the right of any Party to object on any basis to the production of the Material it considers not subject to discovery; (b) prejudice in any way the right of any Party to seek a determination from the Court as to whether particular Material shall be produced; or (c) be construed to require any Party to produce Material that it considers privileged or otherwise not subject to discovery.

12. **Order Subject to Modification**

This Order shall be subject to modification on motion of any Party. The Order shall not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification. The Court will address any such motion on an expedited basis.

13. **Immediate Effect**

The agreements set forth in this Order shall take immediate effect upon the execution by all Parties.

Dated: May 17, 2021
          New York, New York

SO STIPULTED AND AGREED:

BLANK ROME LLP                                             OFFIT KURMAN, P.A.


By:   /s/ Mara B. Levin                                    By:   /s/ Stephen M. Forte
        Mara B. Levin, Esq.                                        Stephen M. Forte, Esq.

Mara B. Levin, Esq.                                        Wojciech Jackowski, Esq.
D. Morgan Barry, Esq.                                      Stephen M. Forte, Esq.
1271 Sixth Avenue                                          590 Madison Avenue, 6th Fl.
New York, NY 10020                                         New York, New York 10022
(212) 885-5000  (phone)                                    (212) 545-1900 (phone)
(212) 885-5001 (facsimile)                                 (212) 545-1656 (facsimile)
mlevin@blankrome.com                                       wjackowski@offitkurman.com
dmbarry@blankrome.com                                      stephen.forte@offitkurman.com

*Attorneys for Defendant*
*New WTC Retail Owner LLC*                                 Mark E. Shaffer, Esq.
                                                           8000 Towers Crescent Drive, Suite 1400
                                                           Vienna, VA 22182
                                                           (703) 745-1800 (phone)
                                                           (703) 745-1835(facsimile)
                                                           mark.shaffer@offitkurman.com


                                                           *Attorneys for Plaintiff*
                                                           *Starbucks Corporation*

SO ORDERED: May 18, 2021


_____
Victor Marrero
U.S.D.J.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STARBUCKS CORPORATION,<br><br>                            Plaintiff,<br><br>          - against -<br><br>NEW WTC RETAIL OWNER LLC,<br><br>                            Defendant. | CIVIL ACTION NO.<br>21-CV-0400 (VM)<br><br>ECF Case<br><br>**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to disputes about the meaning or enforceability of the Stipulated Protective Order and understands that the terms of said Order obligate him or her to use discovery materials designated Confidential solely for the purposes of the above-captioned action, and not to disclose any such confidential Material to any other person, firm, entity or concern. The undersigned further acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of Court.

  Date:

                                                Signature: _____

                                                Printed Name: _____